GORHAM *v.* MAXWELL, WARDEN.
STREET *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION.
RYLAND *v.* GREEN, SUPT., MARION CORRECTIONAL INSTITUTION.
REDDICK *v.* MAXWELL, WARDEN.

[Cite as Gorham v. Maxwell, Warden, 3 Ohio St. 2d 211.]

(Nos. 39429, 39453, 39565 and 39634—Decided September 29, 1965.)

*Mr. Henry Clay Scott,* for petitioner, in cause No. 39429.

*Mr. Robert G. Street, in propria persona,* in cause No. 39453.

*Mr. Kenneth E. Ryland, in propria persona,* in cause No. 39565.

*Mr. Ronald C. Reddick, in propria persona,* in cause No. 39634.

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondents.

In each of the above cases the petitioner was an indigent and pleaded guilty without the assistance of counsel. Each raises the same contention that he did not waive counsel and was not informed of his right to state-appointed counsel.

In none of these cases was there evidence from which it could reasonably be inferred that the petitioner was informed of his right to state-appointed counsel or that he waived counsel.

Pursuant to *Doughty* v. *Maxwell, Warden,* 376 U. S. 202, 11 L. Ed. 2d 650, 84 S. Ct. 702, the petitioners are therefore re-

leased from the custody of the respective respondents and remanded to the respective Common Pleas Courts for further proceedings according to law. See *Foran* v. *Maxwell, Warden* (1962), 173 Ohio St. 561, 184 N. E. 2d 398.

*Judgments accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.